UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In Re: Raymond Lacourse and<br>      Valerie Lacourse,<br>    Debtors | In Proceedings<br>under Chapter 7<br><br>Case No. 12-13150-BAH |
| Raymond Lacourse<br>    dba Valray Trucking<br><br>v.<br><br>Sovereign Bank, NA | |

## COMPLAINT FOR MULTIPLE VIOLATIONS
## OF THE AUTOMATIC STAY

TO: CHIEF BANKRUPTCY JUDGE BRUCE A. HARWOOD

Raymond Lacourse, dbaValray Trucking, plaintiff in the above case, through his attorney, Richard Gaudreau, brings this complaint against Sovereign Bank, NA, stating as follows:

1. Plaintiff, Raymond Lacourse, is a natural person residing at 36 Abenaki Circle, Chester, NH 03036-4243.

2. Defendant, Sovereign Bank, NA ("Sovereign"), is a corporation organized under the laws of the United States and may be served at 75 State Street, Boston, MA 02109.

3. This is a complaint for violation of the automatic stay pursuant to 11 USC 362 and for violation of the discharge injunction pursuant to 11 USC 524.

### JURISDICTION

4. This Court has jurisdiction over violations of the automatic stay and discharge injunction arising under the bankruptcy code pursuant to 28 USC 157 and 28 USC 1409.

5. This is a core proceeding under the U.S. Bankruptcy Code.

6. Venue is proper under 28 USC 1409(a).

7. Plaintiff consents to the court issuing final orders in this matter.

## STATEMENT OF FACTS

8. On October 11, 2012 plaintiff, with his wife, filed a petition for relief under Chapter 13 of Title 11 of the United States Code in this Court. The caption of the petition specifically states the filing includes the following:

> Lacourse, Raymond J., Sr.
> dba Valray Trucking

9. Debtor listed Sovereign Bank as a creditor in Schedule F of that bankruptcy.

10. The Certificate of Service for the 341 notice indicates the Court served Sovereign Bank immediately at an address it designated for receipt of electronic notice as well its bankruptcy department via first class mail. Exhibit A.

11. Sovereign received a copy of the 341 notice from the New Hampshire Bankruptcy Court.

12. An order for relief was entered in this case, triggering an automatic stay pursuant to 11 USC 362(a) of all debt collection.

13. The 341 notice specifically warned Sovereign that:

> Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment.

Exhibit A.

14. On November 9, 2012, Sovereign filed a Proof of Claim in this case thereby acknowledging that it understood that Raymond Lacourse ,dba Valray Trucking, had filed bankruptcy. Exhibit B.

15. There is no question that Sovereign knew that Raymond Lacourse's business was a dba and not a separate legal entity.

16. On November 28, 2012, Sovereign sent Raymond LaCourse, Sr., dba Valray Trucking, a bill stating:

> OBLIGATION TOTAL DUE:   $8,384.00 ...
> To avoid additional charges payment must be
> made by 12-10-12

Exhibit C (Exhibit C contains a copy of this bill as well other bills received thereafter in chronological order).

    17. Sovereign's receipt of an assignment of a Proof of Claim on December 21, 2012 provides further evidence of Sovereign's awareness of plaintiff's bankruptcy filing. Exhibit D.

    18. On December 28, 2012, Sovereign sent plaintiff another demand for payment for $8,827 containing the same warning indicated in the November 28, 2012 bill. Exhibit C.

    19. On January 18, 2013, Sovereign sent a demand for payment of $30,689.96. Exhibit C.

    20. On January 29, 2013, Sovereign sent a demand for payment of $9,269.60. Exhibit C.

    21. Sovereign sent a further demand of $2,070.69 on February 15, 2013. Exhibit C.

    22. On February 20, 2013, debtors converted their case from Chapter 13 to Chapter 7. Sovereign received notice of the conversion.

    23. On February 23, 2013, this Court sent a copy of the 341 notice for the chapter 7 case, via first-class mail and electronic notice, to all of the entities on the original chapter 13 341 certificate of service. The Court may take judicial notice of its own docket.

    24. Sovereign received a copy of the 341 notice for the creditors' meeting.

    25. On March 29, 2013, Sovereign sent Raymond Lacourse, dba Valray Trucking, a bill for $10,154.80. Exhibit C.

    26. On April 19, 2013, Sovereign sent plaintiff a demand for payment of $34,880.02. Exhibit C.

    27. On April 26, 2013, Sovereign sent another bill to plaintiff for $10,597.40. Exhibit C.

    28. On April 27, 2013, Sovereign made further demand of $5,286.20. Exhibit C.

    29. On May 21, 2013, Sovereign demanded payment of $36.290.03. Exhibit C.

    30. On May 29, 2013, Sovereign billed plaintiff for $11,040.00. Exhibit C.

    31. On June 4, 2013, this Court entered an Order of Discharge, providing notice to Sovereign bank both electronically and via first class mail.

32. On June 20, 2013, Sovereign's billing of plaintiff continued unabated, demanding payment of $37,690.55. Exhibit C.

33. On June 28, 2013, Sovereign sent another bill to plaintiff for $11,482.50. Exhibit C.

34. On July 19, 2013, Sovereign billed plaintiff for $39,100.57. Exhibit C.

35. On July 29, 2013, there was a further demand of $11,925.20 by Sovereign. Exhibit C.

36. On August 21, 2013, Sovereign billed plaintiff for $40,511.08. Exhibit C.

37. On August 29, 2013, Sovereign demanded payment of $12,367.80. Exhibit C.

38. As can be seen from the above, Sovereign continues to harass plaintiff as if he had never filed bankruptcy.

39. The numerous bankruptcy notices sent to Sovereign provided many opportunities for Sovereign to begin complying with the automatic stay and discharge injunction.

40. It is apparent Sovereign's billing system is not synchronized with its receipt of bankruptcy notices.

41. Sovereign's billing system permits bills to be sent to debtors in bankruptcy despite its illegality.

42. Sovereign has not designed a system to prevent billing of debtors in bankruptcy because such a system is not cost effective.

43. Sovereign accords a higher priority to its billing procedures than to procedures designed to ensure compliance with the U.S. Bankruptcy Code.

44. Sovereign has designed a billing system geared more towards maximizing billing efficiency and revenues than in complying with the U.S. Bankruptcy Code.

45. Plaintiff seeks to protect the public interest as well as his own in seeking to ensure the efficient and timely processing of bankruptcy notices informing Sovereign of the automatic stay and discharge injunctions which prohibit further debt collection.

**WILLFUL VIOLATION OF THE AUTOMATIC STAY BY SOVEREIGN**

46. Plaintiff restates herein all previous paragraphs.

47. Sovereign sends demands for payment to its delinquent customers as an act to collect debts.

48. Sovereign did not renounce its intention to collect the debt from debtor after receiving notice of the bankruptcy filing.

49. Sovereign sent bills to plaintiff in the ordinary course of its business.

50. Sovereign is aware that demands for payment to its customers will influence the conduct of the recipients.

51. Sovereign wishes to influence the conduct of a customer in order to increase the chances its accounts will be paid.

52. Sovereign has engaged in acts designed to collect a debt that arose before commencement of this case in violation of 11 USC 362 and 524.

53. Sovereign has attempted to collect payment from debtor on a debt discharged in bankruptcy.

54. By continuing to collect a debt after knowing that a borrower had filed a bankruptcy, Sovereign engaged in the type of creditor shenanigans prohibited by the Bankruptcy Code.

55. Sovereign engaged in actions to collect a debt listed in a bankruptcy to which inexperienced, frightened, or ill-counseled debtors may succumb.

56. By ignoring the automatic stay notice and notice of discharge, Sovereign refused to renounce the intention to collect this debt.

57. A violation of the automatic stay will be found to be "willful" if the creditor's conduct was intentional and committed with knowledge of the pendency of the bankruptcy case. In re: McMullen, 386 F.3d 320 (1st. Cir. 2004).

58. Sovereign has committed a willful violation of the automatic stay for purposes of 11 USC 362.

59. Sovereign has committed a willful violation of the discharge injunction in 11 USC 524.

## DAMAGES

60. As a result of Sovereign's actions, plaintiff has been deprived of the "fresh start" guaranteed him by the U.S. Bankruptcy Code.

61. Plaintiff did not understand why Sovereign continued to try to collect this bill from him, and thought there may be a problem.

62. As a result of Sovereign's actions, plaintiff suffered actual damages, including emotional distress and anxiety caused by its collection efforts.

63. The Federal First Circuit has held that "emotional damages qualify as `actual damages' under 362(h). <u>Fleet Mortgage Group, Inc. v. Kaneb</u>, 196 F.3d 265, 269 (1st Cir.1999).

64. The public purpose of the bankruptcy code is to restore the normal flow of commerce.

65. Sovereign's actions in this case interfere with the public purpose of the bankruptcy code.

66. Plaintiff seeks to protect the public interest as well as his own in that Sovereign's procedures are inadequate to ensure the proper processing of bankruptcy notices.

67. Sovereign's actions violate 11 USC 362 because it has committed acts to collect a claim subject to the automatic stay in plaintiff's bankruptcy case.

68. Plaintiff seeks damages, attorney's fees, and injunctive relief to prohibit Sovereign from engaging in further collection actions pursuant to 11 USC 362.

## PRAYERS FOR RELIEF

WHEREFORE plaintiff, Raymond Laccourse, requests this Honorable Court award the following relief:

1. Find Sovereign has willfully violated the automatic stay.

2. Enjoin Sovereign from engaging in further collection actions.

3. Award $10,000 actual damages pursuant to 11 USC 362(k).

4. Award punitive damages.

5. Award reasonable attorney's fees and costs.

6. Award such other relief as is just and equitable.

DATED:  10/02/13     Respectfully Submitted,
Raymond Lacourse
Through his attorney
Richard D. Gaudreau, Attorney at Law, PC

 /s/ Richard D. Gaudreau
Richard D. Gaudreau, BNH 02119
P.O. Box 1359
395 Main Street
Salem, NH 03079
(603) 893-4300